**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JOSEPH N. DiTONDO,**

                        **Plaintiff,**

            v.                                     3:03-CV-14
                                                    (FJS/DEP)

**NATIONAL RENT-A-FENCE; NATIONAL**
**BUSINESS GROUP, INC.; and NATIONAL**
**CONSTRUCTION RENTALS,**

                        **Defendants.**

---

**APPEARANCES**                                           **OF COUNSEL**

**MEAGHER & MEAGHER**                      **FREDERICK J. MEAGHER, JR., ESQ.**
15 Hawley Street
Binghamton, New York 13901
Attorneys for Plaintiff

**AINSWORTH, SULLIVAN, TRACY,**         **MARIA C. TEBANO, ESQ.**
**KNAUF, WARNER, AND**
**RUSLANDER, P.C.**
403 New Karner Road
Albany, New York 12212
Attorneys for Defendants

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff asserts a cause of action for negligence and seeks $1,000,000 for medical bills, lost wages, and permanent injury to his right arm.

       Currently before the Court are (1) Defendants' motion (a) to preclude Plaintiff from offering any witness who would testify as to his medical treatment or injuries allegedly

sustained, lost time from employment, or medical expenses and (b) to preclude Plaintiff from offering any documentation relating to his medical treatment or, alternatively, to limit the documentary proof to include only factual observations and tests and omit any subjective interpretations, (2) Defendants' motion for summary judgment, (3) Plaintiff's counsel's request to withdraw, and (4) Plaintiff's request for a sixty-day adjournment of the trial to obtain new counsel.

## II. BACKGROUND

Plaintiff, a resident of Binghamton, New York, and a former truck driver, delivered a truckload of bundled fencing to Defendants' premises in Raleigh, North Carolina, on October 27, 2000. Plaintiff, his co-worker (a truck driver trainee), and one of Defendants' employees began unloading the bundled fencing from a truck. Since Defendants' employee, a forklift operator, had trouble maneuvering the forklift to unload the bundles, Plaintiff and the trainee stood on opposite sides of the bundles and attempted to use pieces of wood to lever the bundles higher and give the forklift operator a better position. Plaintiff alleges that the forklift operator backed up before the bundles were secured to the forklift, that the bundles fell onto his arm, and that he sustained permanent injuries.

The Court conducted a pretrial conference on February 15, 2005. At the conference, the Court gave Plaintiff one day to notify Defendants whether his treating physician would testify, allowed Defendants until March 1, 2005, to file a motion to exclude proof as to damages, and scheduled the trial of this matter to commence on March 21, 2005.

On February 21, 2005, the Court received Plaintiff's counsel's request to withdraw. On

February 23, 2005, the Court received Plaintiff's request for a sixty-day adjournment of the trial date in order for him to secure new counsel. On March 1, 2005, Defendants filed their motion to preclude.

On March 16, 2005, the Court heard oral argument in support of, and in opposition to, Defendants' motion to preclude, Plaintiff's counsel's request to withdraw, and Plaintiff's request for a sixty-day adjournment of the trial to obtain new counsel. The Court issued an oral order partially granting Defendants' motion to preclude, denying Plaintiff's counsel's request to withdraw, and denying Plaintiff's request for a sixty-day adjournment of the trial date. Defendants then made an oral request for leave to file a motion to dismiss. The Court granted Defendants' request, giving Defendants until March 25, 2005, to file a motion to dismiss, giving Plaintiff until April 1, 2005, to file a response to Defendants' motion to dismiss, and adjourning the trial of this matter pending the resolution of Defendants' motion to dismiss.

On March 25, 2005, Defendants filed their motion for summary judgment. On April 5, 2005, Plaintiff's counsel responded to Defendants' summary judgment motion and again requested to withdraw as counsel.

The following constitutes the Court's written decision setting forth or explaining the reasons for its oral order and resolving Defendants' motion for summary judgment and Plaintiff's counsel's request to withdraw.

### III. DISCUSSION

**A.    Defendants' motion to preclude**

The parties' pretrial submissions were due on February 8, 2005. On February 11, 2005,

Plaintiff submitted a witness list that did not indicate any intention to call a treating physician or expert to testify. *See* Dkt. No. 47 at 1. At the February 15, 2005 pretrial conference, the Court gave Plaintiff one day to inform Defendants whether he intended to call a treating physician to testify. Defendants state that Plaintiff has not informed them whether he intends to call a treating physician to testify. *See* Dkt. No. 57 at Pt. 1 at 2. Plaintiff has not disputed this statement. Accordingly, because of Plaintiff's failure to comply with this Court's orders, the Court grants Defendants' motion to preclude Plaintiff from calling a treating physician or expert witness to testify.

Plaintiff's exhibit list was also due on February 8, 2005. Plaintiff has not submitted an exhibit list. At the February 15, 2005 pretrial conference, Plaintiff informed the Court that the only exhibits that he intended to offer were medical records. Plaintiff attached a series of purported medical reports to his February 25, 2005 memorandum of law. *See* Dkt. No. 56 at Pt. 2. Although Plaintiff contends that these records are admissible under Rule 902(11) of the Federal Rules of Evidence, he has not submitted the custodian declaration that Rule 902(11) requires. *See* Fed. R. Evid. 902(11). Accordingly, because of Plaintiff's failure to comply with this Court's orders and failure to identify admissible exhibits, the Court grants Defendants' motion to preclude Plaintiff from offering any exhibits.

Defendants also seek to have the Court preclude Plaintiff from testifying about the proximate cause of his alleged injuries and his resulting loss of work and medical expenses. They contend that the issues of causation involved in this case are beyond the knowledge and experience of a lay juror and that, therefore, only an expert may testify about them. Under North Carolina law, "expert testimony '"is not required . . . to establish . . . proximate cause, in

situations where [the trier of fact], based on its common knowledge and experience, is able to decide [that] issue[]."'" *Associated Indus. Contractors, Inc. v. Fleming Eng'g, Inc.*, 590 S.E.2d 866, 871 (N.C. Ct. App. 2004) (quotation omitted).  However, "'[i]n cases involving "complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury."'" *Daniels v. Hetrick*, 595 S.E.2d 700, 703 (N.C. Ct. App. 2004) (quotation omitted).  Although there are aspects of Plaintiff's alleged damages that might be beyond a lay juror's knowledge and experience, there are other aspects to which Plaintiff is presumably competent to testify.  Accordingly, the Court denies Defendants' motion to preclude Plaintiff from testifying himself with respect to the proximate cause of his alleged injuries and his resulting loss of work and medical expenses.  The Court will address any appropriate limitation of Plaintiff's testimony with respect to these issues at trial.

**B.     Defendants' motion for summary judgment**

A court may grant summary judgment when the moving party carries its burden of showing the absence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c).  In making this determination, the court must resolve all ambiguities and draw all reasonable inferences in a light most favorable to the non-moving party.  *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted).  If the moving party has met its burden, the nonmoving party may not rely upon his pleadings but must come forward with specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e).

Under North Carolina law, "[t]o prevail in a common law negligence action, a plaintiff

must establish that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the plaintiff's injury was proximately caused by the breach." *Martishius v. Carolco Studios, Inc.*, 562 S.E.2d 887, 892 (N.C. 2002) (citation omitted). "'[I]n many instances proximate cause can be established only through the medium of expert testimony. There are others, however, where non-expert jurors of ordinary intelligence may draw their own inferences from the facts and circumstances shown in evidence.'" *McGill v. French*, 424 S.E.2d 108, 114 (N.C. 1993) (quotation omitted). Therefore, "where the jury, based on its common knowledge and experience, can readily determine without expert assistance whether defendant proximately caused plaintiff's injuries," expert testimony with respect to proximate causation is not required. *Id.* at 113 (citation omitted).

In the instant case, based upon Plaintiff's testimony, a jury could find that Defendants' alleged negligence was the "cause which in natural and continuous sequence produce[d]" at least some of his alleged injuries and that "a person of ordinary prudence could have reasonably foreseen" that such or similar injuries were the probable result of such negligence. *Murphey v. Ga. Pac. Corp.*, 417 S.E.2d 460, 463 (N.C. 1992) (citation omitted). That said, Plaintiff's delay in initially seeking medical treatment and the evolving nature of his physical problems as described in his medical records, which the Court has already found to be admissible, give rise to concerns about the ability of Plaintiff's testimony alone to support the breadth of recovery that he seeks. However, Defendants' objections to particular parts of Plaintiff's testimony, cross-examination, and proper jury instructions, rather than preclusion of Plaintiff's testimony, are adequate to meet these concerns. Accordingly, the Court denies Defendants' motion for summary judgment.

### C.     Plaintiff's counsel's request to withdraw

After making an appearance, an attorney may only withdraw upon "an order of the Court, upon a finding of good cause, granting leave to withdraw." L.R. 83.2(b). "'[T]he Model Code provides guidance for the court as to what constitutes "good cause" to grant leave to withdraw as counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citations omitted). The only bases for withdrawal in the New York State Bar Association's The Lawyer's Code of Professional Responsibility that appear applicable are those permitting withdrawal when the lawyer's client knowingly and freely assents to termination of the employment and permitting withdrawal when the lawyer believes in good faith that the tribunal before whom the case is pending will find good cause for withdrawal. *See* N.Y. Code of Prof'l Responsibility DR 2-110(c)(5), (6). "[A] district court has wide latitude to deny a counsel's motion to withdraw . . . on the eve of trial, where the Model Code merely permits withdrawal." *Whiting*, 187 F.3d at 321.

The communications between Plaintiff and his counsel and between each of them and the Court reveal a very poor attorney-client relationship. *See* Dkt. No. 63 at Pts. 2, 3. Furthermore, Plaintiff states that he has found two attorneys who are willing to take the case. *See* Dkt. No. 63 at Pt. 2 at 4. Finally, since the trial of this matter will likely not occur for several months, giving Plaintiff a fixed period of time to secure new counsel and for that counsel to make an appearance likely will not delay the trial. Accordingly, the Court grants Plaintiff's counsel's motion to withdraw from representing Plaintiff.[1]

---

[1] Since the trial of this matter has been postponed more that sixty days past the previous
(continued...)

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated herein as well as at oral argument, the Court hereby

**ORDERS** that Defendants' motion to preclude Plaintiff from calling a treating physician or expert witness to testify and from offering any exhibits is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to preclude Plaintiff from testifying to the cause of his alleged injuries, loss of work, and medical expenses is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for summary is **DENIED**; and the Court further

**ORDERS** that Plaintiff's counsel's request to withdraw is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's request for a sixty-day adjournment of the trial is **DENIED** as moot; and the Court further

**ORDERS** that Plaintiff's new counsel file a notice of appearance on or before **July 15, 2005**, or that, if Plaintiff is unable to obtain counsel, he notify the Court and opposing counsel in writing on or before **July 15, 2005**, as to whether he intends to represent himself at the trial of this matter; and the Court further

**ORDERS** that the trial of this matter shall commence on **September 19, 2005**, at **9:30**

---

[1](...continued)
March 21, 2005 trial date, the Court denies as moot Plaintiff's request for a sixty-day adjournment of the trial date.

**a.m.** in Syracuse, New York; and the Court further

**ORDERS** that, if the parties have any supplemental pretrial submissions, including motions *in limine*, they shall file and serve them on or before **September 6, 2005**; and the Court further

**ORDERS** that the parties shall file their opposition to any motions *in limine* on or before **September 9, 2005**; and the Court further

**ORDERS** that the parties shall attend the final pretrial conference in this matter on **September 13, 2005** at **4:00 p.m.** in Syracuse, New York; and Court further

**ORDERS** that the Clerk of the Court mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

Dated: June 22, 2005
      Syracuse, New York

*/s/ Frederick J. Scullin*
Frederick J. Scullin, Jr.
Chief United States District Court Judge